IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KEVIN K KASPER,

    Petitioner,
v.                                                                                 CASE NO. 1:19-cv-173-AW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on August 30, 2019, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). ECF No. 1. The Petition stems from Petitioner's 2016 Alachua County *nolo contendere* plea and conviction for one count of traveling to meet a minor for unlawful sexual activity, for which Petitioner is serving a 5-year sentence. *Id.* Respondent filed a Motion to Dismiss the Petition as untimely together with relevant portions of the state-court record. ECF No. 8. Petitioner has filed a response in opposition to the motion to dismiss, ECF No. 10, and therefore the motion is ripe for determination. For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition dismissed as time-barred.

## I. <u>One-Year Limitation Period</u>

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief. § 2244(d)(2). To toll the one-year limitations period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Further, the limitations period may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## II. <u>State-Court Proceedings</u>

The procedural background of this case is established by the state court record appended to Respondent's motion. ECF No. 8. Petitioner's conviction was affirmed *per curiam* without written opinion on May 5, 2017.

ECF No. 8-1 at 1.  Rehearing was denied on June 26, 2017.  *Id.* at 5. Petitioner did not seek review in the United States Supreme Court.

On May 8, 2018, Petitioner file a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 in the trial court.  ECF No. 8-2 at 1-42. The trial court summarily denied the motion on November 21, 2018.  ECF No. 8-3 at 1-13.  Petitioner sought rehearing; the trial court denied rehearing on December 17, 2018.[1]

Petitioner filed a notice of appeal on January 18, 2019, pursuant to the prison mailbox rule, two days beyond the 30-day period for filing an appeal.  ECF No. 8-4 at 1; *see* Fla. R. App. P. 9.110(b).  On March 15, 2019, the First DCA dismissed the appeal as untimely.  ECF No. 8-4 at 10.

On April 16, 2019, Petitioner filed a petition for a belated appeal in the First DCA.  ECF No. 8-5 at 1-5. He filed an amended petition for belated appeal on May 16, 2019.  *Id.* at 9-13.  The First DCA denied Petitioner a belated appeal on June 28, 2019.  *Id.* at 15.  Rehearing was denied on August 12, 2019.  *Id.* at 20.  Petitioner delivered his federal habeas corpus petition to prison officials for mailing on August 29, 2019.  ECF No. 1 at 15.

---

[1] The state court's December 17, 2018, order denying rehearing is not included in the record but the parties both agree that this date is correct.  *See* ECF No. 1 at 3 (Petition); ECF No. 8 at 3 (Response); ECF No. 8-4 at 4 (Petitioner's response to the First DCA's order to show cause, stating that the state trial court denied rehearing on December 17, 2018).

### III. <u>Discussion</u>

Respondent correctly asserts that Petitioner's conviction became final, and the one-year limitations period began to run, on September 25, 2017, when the 90-day period for seeking a writ of certiorari in the U.S. Supreme Court expired after the First DCA affirmed Petitioner's conviction and denied rehearing. ECF No. 8-1 at 5; *See* Sup.Ct. R. 13.1; *Espinosa v. Sec'y, Dept. of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015). Thus, absent tolling, Petitioner had until September 25, 2018, to file a timely federal habeas corpus petition.

At the time that Petitioner filed his Rule 3.850 motion on May 8, 2018, 225 days of untolled time had passed (from September 25, 2017, to May 8, 2018). The limitations period remained tolled while his postconviction motion was pending until December 17, 2018, when the trial court entered its order denying rehearing. At that point, 140 days remained in the one-year limitations period, giving Petitioner a federal habeas deadline of May 6, 2019.

Petitioner's notice of appeal from the denial of postconviction relief was untimely and therefore did not further toll the limitations period. *See* ECF No. 8-4 at 10; *Evans v. Chavis,* 546 U.S. 189, 191 (2006) ("The time that an application for state post-conviction review is 'pending' includes the

period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.")(emphasis in original).

Petitioner filed his petition for a belated appeal in the First DCA on April 16, 2019, but that petition did not serve to toll the limitations period. The Eleventh Circuit has held that a petition for a belated appeal that is denied by the state appellate court is not an "'application for State post-conviction or other collateral review with respect to the pertinent judgment.'" *Espinosa,* 804 F.3d at 1141.  The Court explained:

> [R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State,* 922 So.2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ] ... that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell,* 739 So.2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. [*Wall v. Kholi,* 562 U.S. 545, 550 (2011)] (quoting *Kholi v. Wall,* 582 F.3d 147, 153 (1st Cir. 2009)). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

*Id.*

Thus, absent further tolling, the limitations period for Petitioner's federal habeas corpus petition expired on May 6, 2019, and the petition filed on August 29, 2019, is untimely.

Petitioner concedes that under the reasoning of *Espinosa* his federal petition is time-barred. He contends, however, that he is entitled to equitable tolling of the limitations period because he was unable to file a timely notice appeal from the denial of his Rule 3.850 motion due to "extraordinary circumstances beyond [his] control." ECF No. 10 at 1. Petitioner argues that his access to the prison law library was limited "by the holiday closings and by the rules of the institution regarding inmate access" following the December 17, 2018, denial of his Rule 3.850 motion. *Id.* at 2. Petitioner argues that "although the notice of appeal may be considered the simplest of legal documents for an attorney to prepare, it is not as easy for a *pro se* inmate to understand how to create such a legal document." *Id.*

Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the Petitioner must

show that the untimeliness of his petition was "*both* beyond his control and unavoidable even with due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

The Court is not persuaded that Petitioner has presented extraordinary circumstances that merit equitable tolling of the limitations period. Petitioner has not shown that any limit on access to the law library during the "holiday period" after December 17, 2018, had any bearing on his ability to file a timely federal habeas corpus petition. As explained above, at that point 140 days remained in the one-year federal limitations period, giving Petitioner a federal habeas deadline of May 6, 2019. Petitioner's failure to timely file his state-court notice of appeal, even if attributable to institutional scheduling problems, did not preclude the filing of a timely federal habeas petition within the 140 days remaining in the federal limitations period. While the lack of a timely state appeal might create exhaustion-of-remedies issues in federal court, *see* 28 U.S.C. § 2254(b)(1), the issue before this Court is the *timeliness* of the petition under § 2244(d)(1) and not whether Petitioner exhausted his state-court remedies. The Court therefore concludes that the Petition is time-barred.

## IV. <u>Certificate of Appealability</u>

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED:**

1. That Respondent's Motion to Dismiss, ECF No. 8, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d); and

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 5th day of February 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.